

333 EARLE OVINGTON BOULEVARD, SUITE 402
UNIONDALE, NEW YORK 11553
T: 516-203-7600
F: 516-282-7878

March 11, 2025

*Via ECF*

Application Granted.

So Ordered: _____
Hon. P. Kevin Castel, U.S.D.J.
3-12-25

Hon. P. Kevin Castel
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Jeenah Moon v. World Trade Art Gallery Inc and World Trade Art Gallery Inc*
      Docket No: 1:24-cv-08785-PKC

Dear Judge P. Kevin Castel:

    We are the attorneys for Plaintiff in this matter and write to respectfully respond to counsel Barbara Hoffman's letters to the Court (Dkt. No. 26 & 27) and to request an extension for the filing of the Motion for Default Judgment.

    On February 28, 2025, Plaintiff filed a letter motion seeking to amend the complaint to include a second discovered infringing image. (Dkt No. 23). On March 6, 2025, this Court granted plaintiff's motion to file a First Amended Complaint (Dkt. No. 24), however, a day earlier, on March 5, 2025, Ms. Hoffman notified my office that she had obtained a retroactive license for the original image which was the sole image in the original complaint. Plaintiff has therefore removed all language referencing the retroactively licensed photograph from the First Amended Complaint and only included the remaining unlicensed and unauthorized photograph.

    In her letter to the Court dated March 10, 2025, Ms. Hoffman stated that she was not aware Plaintiff was filing a motion to amend the Complaint and that Plaintiff had done so to threaten Defendant and/or exert pressure during settlement negotiations. Firstly, these statements are plainly contradictory since Defendant could not have experienced, nor Plaintiff exerted, such "pressure" if Defendant had not even been made aware of the motion. Second, and more importantly, Ms. Hoffman was specifically made aware of Plaintiff's intentions before the letter motion was filed. In an email dated February 27, 2025, my associate Dina Nouhian notified Ms. Hoffman as such: "I intend to file a motion to amend the complaint to include the second image I had previously discussed with you." (See <u>Exhibit 1</u> hereto). The letter motion to amend the Complaint was filed thereafter on February 28, 2025 (Dkt. No. 23). It is therefore somewhat concerning that counsel did not accurately describe this matter to the Court as part of her application.



PAGE 2

      As Ms. Hoffman indicated in her letter to the Court of today's date, Ms. Nouhian sent her an email with a proposed settlement agreement along with Plaintiff's intention of proceeding with the matter. It is confusing that Ms. Hoffman chose to address the settlement terms with the Court instead of responding to our email or that she continues to send advisory messages to Your Honor that do not request any relief. Regardless, as noted by Ms. Hoffman, the parties are actively engaged in conversations and, despite the unnecessary rhetoric, are working towards a possible resolution which seems hopeful. That said, in the event the parties are not able to resolve the matter and the Defendant does not appear and answer the complaint, Plaintiff respectfully requests a further extension of time to file its Motion for Default Judgment until April 11, 2025.

      We thank the Court for the consideration of this request.

                                                Respectfully submitted,

                                                */s Craig B Sanders*
                                                Craig B Sanders