# THE HOFFMAN LAW FIRM
330 WEST 72ND STREET
NEW YORK, NEW YORK 10023

TELEPHONE: 212-873-6200
MOBILE: 646-641-6200

BARBARA T. HOFFMAN
artlaw@hoffmanlaw.org

March 10, 2025

**Via CM/ECF**

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

*The Court will enter a one-time stay of proceedings until April 18 at 5pm.*
*SO ORDERED*
*3-14-25*

Re: *Moon v. World Trade Art Gallery Inc.*, Case No. 1:24-cv-08785-PKC

Dear Judge Castel:

    I appear on behalf of the Defendant World Trade Art Gallery ("Defendant") in the above-referenced matter. I write this letter to inform the Court that the parties have been engaged in good-faith settlement negotiations and on Thursday, March 6, 2025 have reached a settlement in principle.

    Defendant accepted Plaintiff's counter offer which included Plaintiff's agreement to file a motion to dismiss with prejudice, each party to bare its own costs and attorney's fees. The agreed to amount (the "Settlement Sum") was to include the second photograph at issue. Mr. Sanders kindly agreed to prepare the settlement documents using his standard form which he represented included the provisions requested by us including release of all claims, confidentiality, etc. Mr. Sanders proposed that the Plaintiff move to dismiss the complaint with prejudice each party to bear own legal fees and vacate the Certificate of Default as moot. I preferred to make an appearance and proposed a dismissal by stipulation.

    I expected to receive the documents on Friday March 7, as I had conveyed to Mr. Sanders that I was leaving early Sunday morning to Utah for a long-planned vacation. When I received no papers, I contacted Mr. Sanders. He responded in substance that the office computer network was down but he expected to have something to me in a few hours. That was approximately at four pm on Friday.

    Not having received anything by Saturday, I instructed my paralegal to file a Noice of Appearance on E Filing. He then called me to inform me that he saw the motion to amend and the Order granting it on the Docket. This was when I first learned that a motion to amend had been made and had been granted.

    While Defendant admits that Plaintiff threatened to sue for copyright infringement of another image, Defendant was unaware that Plaintiff had sought leave to file an amended complaint and that on March 6, 2025, the Court granted Plaintiff's motion to amend the Complaint to add a second image. Adding a second image in a manner that appears to have been

THE HOFFMAN LAW FIRM

*Moon v. World Trade Art Gallery Inc.,*
Case No. 1:24-cv-08785-PKC
March 10, 2025

Page 2 of 2

done to exert pressure on Defendant during settlement negotiations. Coincidentally the order and the Settlement in principle occurred on the same day.

Following this Court's denial of my limited pro-bono experience, Defendant for its part, for avoidance of doubt licensed from the New Times, on March 5th a retroactive license fee for three years for $600.00 for the Photograph at Issue from January 2022 until December 31, 2025. I communicated this to Mr. Sanders in an email on Wednesday, March 5th. I wrote in an email:

> This license also invalidates your client's copyright registration. The Copyright Office regulations provide "If you want to register a group of photographs with joint authors, you can use the 'Group Registration for Unpublished Photographs' option with the U.S. Copyright Office, but all the photographs must be created by the same set of joint authors, meaning every photo must have the exact same co-creators listed as copyright claimants; you cannot mix groups of different joint authors within a single group registration application."

Given these developments, Defendant respectfully requests that the Court stay all proceedings in this matter until a stipulation of dismissal can be filed. A stay would conserve judicial resources and allow the parties to finalize a general release and execute a settlement without unnecessary litigation expenses.

However, should the Court decline to grant a stay, Defendant respectfully requests leave to file a motion to vacate the Certificate of Default and move to dismiss the Complaint. Defendant intends to present meritorious defenses, including but not limited to a valid license to use the image in question, defenses related to improper service of process, failure to state a claim, and lack of subject matter jurisdiction based on an invalid copyright registration.

Currently scheduled before the Court, Plaintiff's motion for Default is due on March 11, 2025 (Dkt. 23).

We appreciate the Court's attention to this matter and respectfully request that further proceedings take into account the current settlement status. Should the Court require any further clarification, we are available at the Court's convenience.

Respectfully Submitted,

*Barbara T. Hoffman*

Barbara T. Hoffman
SDNY Bar No. BH8931